UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Hilda L. Solis, Secretary of Labor, United States Department of Labor, | ) ) ) | CV 13-00015 PHX PGR |
| Plaintiff, | ) ) | |
| v. | ) ) | CONSENT DECREE |
| Apex Block Corporation, a corporation, Lacuna, Inc., a corporation, and Dale R. Siens, an individual, | ) ) ) ) | |
| Defendants. | ) ) | |

  Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendants Apex Block Corporation, Lacuna, Inc., and Dale R. Siens (together "Defendants"), have agreed to resolve the matters in controversy in this civil action, have acknowledged receipt of a copy of the Plaintiff's Complaint; have waived issuance and service of process, have waived answers and any defenses to the Secretary's Complaint, have waived the entry of any findings of fact and conclusions of law; and have agreed to the entry of this Consent Decree in settlement of this case without contest.

  Having reviewed the Consent Findings, signed by the Parties and filed herein, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The previously described Consent Findings are incorporated herein and are hereby approved and made a part of this Consent Decree;

2. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them are permanently enjoined and restrained from violating the provisions of Section 15(a)(2), 29 U.S.C. § 215(a)(2) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), in any of the following manners:

a. Defendants shall not, contrary to sections 6 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the FLSA).

b. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

c. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA, fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the

1  regulations found in 29 C.F.R. part 516 that are issued, and from time to time amended,
2  pursuant to section 11(c) of the FLSA.

3       d.    Defendants shall not request, solicit, suggest, or coerce, directly, or
4  indirectly, any employee to return or to offer to return to the Defendants or to someone
5  else for the Defendants, any money in the form of cash, check, or any other form, for
6  wages previously due or to become due in the future to said employee under the
7  provisions of this Consent Decree or the FLSA; nor shall Defendants accept, or receive
8  from any employee, either directly or indirectly, any money in the form of cash, check, or
9  any other form, for wages heretofore or hereafter paid to said employee under the
10 provisions of this Consent Decree or the FLSA; nor shall Defendants discharge or in any
11 other manner discriminate, nor solicit or encourage anyone else to discriminate, against
12 any such employee because such employee has received or retained money due to him
13 from the Defendants under the provisions of this Consent Decree or the FLSA.

14      e.    Defendants shall pay to the Secretary the sum of $59,558.94, which
15 represents the unpaid compensation hereby found to be due, for the period from July 25,
16 2012, to September 16, 2012, to the present and former employees named in Exhibit A,
17 attached hereto and made a part hereof, in the amounts set forth therein.

18      f.    Defendants shall further pay to the Secretary as liquidated damages the
19 additional sum of $59,558.94 hereby found to be due, for the period from July 25, 2012,
20 to September 16, 2012, to the present and former employees named in Exhibit A,
21 attached hereto and made a part hereof, in the amounts set forth therein.

22      g.    In addition, Defendants agree to pay $12,716.00 as civil money penalties to
23 the Secretary for repeat and willful violations of Section 7 of the FLSA for the period
24 from July 25, 2012, to September 16, 2012. Such penalties are authorized by Section
25

1  16(e)(2) of the FLSA.  This amount represents $374.00 for each of Defendants' present
2  and former employees named in Exhibit A.

3      3.   The provisions of subparagraphs 2e, 2f, and 2g of this Consent Decree will
4  be deemed satisfied when Defendants comply with the following provisions:

5      a.   Subject to the exception noted in subparagraph 3d herein, on or before
6  January 7, 2013, Defendants shall deliver a schedule containing the last known (home)
7  address, social security number, telephone number (if known), and amount of back wages
8  for each person named in the attached Exhibit A.

9      b.   Subject to the exception noted in subparagraph 3d herein, on or before
10 January 7, 2013, Defendants shall pay the civil money penalty described in subparagraph
11 1g by delivering a cashier's check or money order in the amount of $12,716.00 with the
12 firm name of Apex Block Corporation and "civil money penalties" written on it, payable
13 to the order of the "Wage & Hour Div., Labor."

14     c.   Subject to the exception noted in subparagraph 3d herein, on or before
15 January 7, 2013, Defendants shall pay the back wages and liquidated damages described
16 in subparagraphs 2e and 2f herein by delivering a cashier's check or money order in the
17 amount of $119, 117.88 with the firm name of Apex Block Corporation and "Back
18 Wages and Liquidated Damages" written on it, payable to the order of the "Wage & Hour
19 Div., Labor."

20     d.   If Defendants enter into an agreement to sell or ship Apex blocks
21 manufactured at the Phoenix facility prior to January 7, 2013, Defendant Siens shall
22 notify Eric Murray, District Director of Wage and Hour's Phoenix office, and Cheryl
23 Adams at the San Francisco Solicitor's Office, of the impending sale three business days
24 in advance.  Defendant Siens will direct the purchaser to pay into an interest bearing
25 escrow account to be established for this purpose an amount sufficient to satisfy any

1  unpaid back wages, liquidated damages, and civil money penalties herein.  If the
2  purchase amount is not sufficient to pay the amount due in full, the entire proceeds from
3  the sale shall be paid into the escrow account.  Payment of such amounts due shall be
4  made by electronic funds transfer from the escrow account no later than seven days after
5  deposit of the funds, pursuant to written instructions to be provided by the Wage and
6  Hour Division. After the required payment has been made, Defendants shall no longer
7  have any property right, title, interest or other legal claim in any funds held in escrow.

8      4.    The Secretary shall allocate and distribute the back wages and liquidated
9  damages, less deductions for employees' share of Social Security and withholding taxes
10 to the persons named in the attached Exhibit A, or to their estates if that be necessary, in
11 her sole discretion, and any money not so paid within a period of three years from the
12 date of its receipt, because of an inability to locate the proper persons or because of their
13 refusal to accept it, shall be then deposited in the Treasury of the United States, as
14 miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).  The Secretary shall be
15 responsible for deducting the employee's share of FICA and federal income taxes from
16 the amounts paid to the persons named in the attached Exhibit A, and for remitting said
17 deductions to the appropriate federal agencies.

18     5.    Within ten calendar days of the entry of this Consent Decree, Defendants
19 shall post a copy of the attached Exhibit B at each of Defendants' establishments for no
20 less than one-hundred eighty (180) days.  Exhibit B summarizes terms of this Consent
21 Decree and the employees' rights under the FLSA.

22     6.    No later than November 1, 2013, Defendant Apex Block Corporation shall
23 provide the Wage and Hour Division with an audit of compliance with the FLSA, and
24 regulations issued under the FLSA, to be conducted by a third-party monitor hired at
25 Defendants' expense.  The third-party monitor will prepare a written report that

summarizes the steps taken to complete the audit, and the findings of the audit as to Defendants' compliance with the FLSA.

     a.    Before the third-party monitor begins work, the Defendants shall provide the identity and curriculum vitae of said proposed third-party monitor to the District Director of the Wage and Hour Division's Phoenix office, for his concurrence. The Division shall have the right to reject the selected monitor and direct Defendants to select and propose a different monitor.

     b.    The third-party monitor shall have the ability to communicate with Defendants' workers in their native language, or shall be provided with an interpreter as necessary at Defendants' expense.

     c.    Defendants shall cooperate in full with the third-party monitor, including providing the monitor access to the worksite(s) of Defendants' workers and to payroll and time records.

     d.    If the third-party monitor finds violations of the FLSA, or regulations issued under the FLSA, that result in back wages due, Defendants shall pay the wages due on its next regularly scheduled payroll.

     e.    If the third-party monitor directs changes in Defendants' policies or procedures, or directs that Defendants take action to comply with the FLSA, or regulations issued under the FLSA, Defendant shall do so.

     f.    The third-party monitor shall have the duty to conduct off-site interviews with Defendants' workers; such interviews, and other communications between workers and the monitor may be kept confidential (except as to authorized representatives of the U.S. Department of Labor) at the option of each worker; and copies of all notes and interviews conducted by the monitor shall be turned over to the District

1  Director, San Francisco District Office, U.S. Department of Labor, along with the annual
2  audit report.

3     g. Discrimination or retaliation by Defendants against workers for
4  cooperating or communicating with the third-party monitor is prohibited to the fullest
5  extent of 29 U.S.C. § 215(a)(3).

6     h. The workers shall have the right to have a representative of their
7  choosing accompany the third-party monitor on the monitor's inspections of the worksite.

8     i. Defendants shall conduct an additional audit to be completed by
9  November 1, 2014, and a final audit by November 1, 2015, in accordance with all of the
10  requirements identified herein.

11     j Defendants' contract with the third-party monitor shall include the
12  provisions of this paragraph.

13     7. All submissions to the Secretary required by this Consent Decree shall be
14  sent to the following address:

15-18
> Eric Murray
> District Director
> Phoenix District Office
> US Dept. of Labor
> Wage & Hour Division
> 230 N. First Avenue, Suite 402
> Phoenix, AZ 85003-1725

19  IT IS FURTHER ORDERED that the filing, pursuit, and/or resolution of this
20  proceeding with the filing of this Consent Decree shall not act as or be asserted as a bar to
21  any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not
22  named on the Exhibit A attached to the Consent Findings, nor as to any employee named
23  on the Exhibit A for any period not specified herein for the back wage recovery
24  provisions.

25

IT IS FURTHER ORDERED that each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

IT IS FURTHER ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Decree.

Dated this 1st day of April, 2013.

Paul G. Rosenblatt
United States District Judge

EXHIBIT A

|  | Name | Back Wages | Liquidated Damages |
|---|---|---|---|
| 1 | Adriano, Cesar | $503.15 | $503.15 |
| 2 | Anaya, Moises | $1,249.30 | $1,249.30 |
| 3 | Bailey, Brian | $2,982.60 | $2,982.60 |
| 4 | Begay, Garrick | $1,119.78 | $1,119.78 |
| 5 | Bieringer, Kevin | $1,595.73 | $1,595.73 |
| 6 | Blackwell, Alvin | $766.33 | $766.33 |
| 7 | Boyle, James Jr | $735.15 | $735.15 |
| 8 | Boyle, Rod | $5,419.30 | $5,419.30 |
| 9 | Carr, Kym | $2,900.00 | $2,900.00 |
| 10 | Casillas, Reggie | $1,173.23 | $1,173.23 |
| 11 | Collins, Steve | $2,900.00 | $2,900.00 |
| 12 | Corrales, Gilbert | $711.23 | $711.23 |
| 13 | Del Rio, Jesse | $1,322.53 | $1,322.53 |
| 14 | Ellis, Jaysen | $2,475.98 | $2,475.98 |
| 15 | Fernandez, Richard | $1,064.00 | $1,064.00 |
| 16 | Fisher, Joe | $6,300.00 | $6,300.00 |
| 17 | Galvan, Cesar | $278.40 | $278.40 |
| 18 | Hale, Sylvia | $2,900.00 | $2,900.00 |
| 19 | Hernandez, Maviarely | $704.70 | $704.70 |
| 20 | Hernandez, Norma | $2,776.12 | $2,776.12 |
| 21 | Hernandez, Raymond | $896.20 | $896.20 |
| 22 | Hickox, Sue | $1,482.63 | $1,482.63 |
| 23 | Ibarra, David | $2,509.15 | $2,509.15 |
| 24 | Lomeli, Norma | $300.88 | $300.88 |
| 25 | Mitchell, Arthur | $365.40 | $365.40 |
| 26 | Nunez, Cesar | $710.51 | $710.51 |
| 27 | Ochoa, Andres | $1,262.88 | $1,262.88 |
| 28 | Peters, Roger | $2,175.00 | $2,175.00 |
| 29 | Rolow, Patty | $2,900.00 | $2,900.00 |
| 30 | Sanchez, Josh | $1,566.28 | $1,566.28 |
| 31 | Sanchez, Manuel | $782.28 | $782.28 |
| 32 | Smith, Colin | $2,900.00 | $2,900.00 |
| 33 | Tena, Efren | $803.30 | $803.30 |
| 34 | Valenzuela, Marisol | $1,026.90 | $1,026.90 |
| Total |  | $59,558.94 | $59,558.94 |


<u>Exhibit B</u>

LEGAL NOTICE TO ALL EMPLOYEES

The Department of Labor conducted an investigation of Apex Block Corporation and Lacuna, Inc., and determined that employees were owed back wages and liquidated damages for their employment during the period of July 25, 2012 through September 16, 2012.  Apex Block Corporation and Lacuna, Inc., have agreed voluntarily to pay the penalties, back wages and liquidated damages calculated by the Department, and take other affirmative steps to achieve compliance with the Fair Labor Standards Act.

The Fair Labor Standards Act provides that all employees must be paid minimum wage for all hours worked.  In addition, all employees must be paid the overtime rate of time and one half their regular rate for hours worked over 40 in a workweek.  All hourly employees are entitled to overtime when they work over 40 hours.

If you think you are not being paid in accordance with the law, you can call the U.S. Department of Labor, Wage and Hour Division, at 1-866-4-USWAGE (1-866-487-9243) and your name will be kept confidential.